UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMBRACO, INC. and GREAT AMERICAN INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-9966 |
| M/V CLIPPER FAITH, her engines, tackle, apparel, furniture, etc., *in rem*, and BOSSCLIP B.V., DOCKENDALE SHIPPING CO., LTD. and FAITH SHIPPING COMPANY, LTD., *in personam* | SECTION "C" |

## ORDER AND REASONS

Before this Court is a Motion to Dismiss Complaint pursuant to Rules 12(b)(1) and/or 12(b)(3) of the Federal Rules of Civil Procedure.[1] Defendants seek dismissal of this maritime cargo damage case for improper venue, alleging there is a valid and enforceable forum selection clause requiring that all disputes arising under the contract of carriage be heard by the High Court of Justice in London, England.

After reviewing the complaint, the motion and memoranda, and applicable law, the Court finds the forum selection clause is valid and enforceable. For the reasons set forth below, Defendants' Motion to Dismiss Complaint is **GRANTED**.

---

[1] Rec. Doc. 24.

**I.     Background**

This is an action by Ambraco, Inc. and Great American Insurance Company to recover substantial damages sustained to cargo, several thousand bales of baler twine covered by bills of lading CPERC0603CBNO018 through CPERC0603CBNO034,[2] which allegedly resulted from improper loading, securing and/or handling of the cargo while it was in the care, custody and control of Defendants and/or aboard the M/V Clipper Faith.  Plaintiffs allege that on December 31, 2005, the cargo was delivered to the Defendants at the Port of Cabedelo, Brazil. Plaintiffs admit the Defendant issued bills of lading for carriage of the cargo. Plaintiffs allege that when the cargo arrived in the ports of Houston, Texas, and New Orleans, Louisiana, it was damaged. Plaintiffs accepted the security extended by insurers of the M/V Clipper Faith and her owners; on February 17, 2006, a Letter of Undertaking (LOU) in the amount of $2,000,000.00 was issued on behalf of Assuranceforeningen Skuld (Skuld), to Ambraco, Inc. to secure and prevent the arrest of the M/V Clipper Faith, which was then in the Port of New Orleans. Plaintiffs filed suit in the Eastern District of Louisiana on November 14, 2006.[3]  Defendants filed an answer on December 14, 2006.[4]  On March 3, 2007, Plaintiffs filed a supplemental and amended complaint, adding Pacorini Holding, LLC (successor to Pacorini USA, Inc.) as a party to the action, alleging it was the discharging stevedore of the cargo arriving aboard the M/V Clipper Faith which is the subject of the original complaint.[5]  Pacorini Holding, LLC's answer was due on April 16, 2007;[6] to date no answer has been filed.

---

[2] The Court notes that Plaintiffs also cite "CPERC0603RINO001 and others" in their memorandum.
[3] Rec. Doc. 1.
[4] Rec. Doc. 6.
[5] Rec. Doc. 16.
[6] Rec. Doc. 18 and 29.

On March 29, 2007, Plaintiffs filed suit in the High Court of London;[7] the suit is identical to that filed in the Eastern District of Louisiana. On April 26, 2007, Defendants filed the motion to dismiss for improper venue which is the subject of this Order.

## II.   Discussion

The Fifth Circuit has declined to address the "enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed.R.Civ.P. 12(b)(1) [or] 12(b)(3)…"[8] In *Albany Insurance*, the Fifth Circuit treated a motion to dismiss for improper venue based on a forum selection clause as proper under Rule 12(b)(3), although in that case it reversed the granting of the motion because it was untimely.[9] The Fifth Circuit affirmed a district court's granting of a Rule 12(b)(3) motion to dismiss for improper venue based on a forum selection clause.[10] In addition, other circuits have agreed that a motion to dismiss based on a forum selection clause is properly brought pursuant to Rule 12(b)(3).[11] Plaintiffs briefed the issue of dismissal pursuant to Rule 12(b)(1). However, since the Fifth Circuit has accepted Rule 12(b)(3) as a proper method for seeking dismissal for improper venue based on a forum selection clause, the Court need not decide whether the Rule 12(b)(1) motion, plead as an alternative by Defendants out of an abundance of caution, is appropriate.

---

[7] Rec. Doc. 24, Exhibit 1.
[8] *Haynsworth v. The Corporation*, 121 F.3d 956, 961 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998).
[9] *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 f.3d 907, 909 & n. 3 (5th Cir. 1993).
[10] *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 37 (5th Cir. 1997).
[11] See *Continental Ins. Co. v. Polish S.S. Co*., 346 F.3d 281, 282 (2d Cir.2003), affirming Rule 12(b)(3) dismissal in favor of foreign arbitration; *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998), cert. denied, 525 U.S. 1093, 119 S.Ct. 851, 142 L.Ed.2d 704 (1999), motion to dismiss based on forum selection clause in international agreement should be brought under Rule 12(b)(3)); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996), Rule 12(b)(3) motion proper method to invoke forum selection clause; *Frietsch v. Refco, Inc*., 56 F.3d 825, 830 (7th Cir.1995), same.

Generally a forum selection clause in a bill of lading will be held enforceable and valid.[12] In *The Bremen*, the U.S. Supreme Court held that "federal courts presumptively must enforce forum selection clauses in international transactions. Since *The Bremen*, the Court has consistently followed this rule and, in fact, has enforced every forum selection clause in an international contract that has come before it."[13] The U.S. Supreme Court has justified its holding "in the interests of international comity and out of deference to the integrity and proficiency of foreign courts."[14] The presumption of validity may be overcome by a clear demonstration that the clause is unreasonable under the circumstances of the case.[15] The burden of proving the clause is unreasonable under the circumstances is a heavy one, and may only be carried by showing:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[16]

---

[12] *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33 (5th Cir. 1997), citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-23, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). See also *Haynsworth v. The Corporation*, 121 F.3d 956, 961 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998).

[13] *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998), citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540-42, 115 S.Ct. 2322, 2330, 132 L.Ed.2d 462 (1995); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 640, 105 S.Ct. 3346, 3361, 87 L.Ed.2d 444 (1985); *Scherk*, 417 U.S. at 519-20, 94 S.Ct. at 2457.

[14] *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33 (5th Cir. 1997), citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

[15] *Id*. at 35.

[16] *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998), citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

The language of the disputed clause of the bill of lading provides: "The contract evidenced by this bill of lading shall be governed by English law and any disputes thereunder shall be determined in England by the High Court of Justice in London according to English law to the exclusion of the courts of any other country."[17]

Defendants argue that the Plaintiffs cannot overcome the strong presumption of validity of the forum-selection clause, and the motion to dismiss pursuant to Rule 12(b)(3) should be granted. The Court agrees.

Plaintiffs first allege Defendants' objection to venue is waived as untimely. A motion to dismiss for improper venue must be filed before or in a party's answer. However, the Defendants state in their answer that "there was insufficiency of service of process and/or jurisdiction over the defendants and that the defendants 'specifically plead any applicable bills of lading, contracts of carriage and/or charter parties in their entirety and the applicable law and terms incorporated therein.'"[18] Defendants further argue the defenses were properly plead and plaintiffs were told on other occasions that jurisdiction and venue were improper.[19]

The Court finds the Defendants reserved their right to raise the improper venue affirmative defense in their answer, the motion to dismiss was timely, and the right to raise it was not waived by the Defendants.

Plaintiffs next allege Defendants have already submitted to the jurisdiction of this Court by posting the Letter of Undertaking (LOU). Defendants argue that the LOU does not preclude them from asserting any other rights to which they would have been entitled,

---

[17] Rec. Doc. 24, Exhibit 4.
[18] Rec. Doc. 38, p.2, quoting Rec. Doc. 6, p. 1 and 3.
[19] Defendants cite the Court's March 8, 2007 Scheduling Order, Rec. Doc. 14, p. 1: "Jurisdiction and venue are not established."

in particular when Clause 4 of the LOU expressly states that it: "reserve[es] on behalf of said vessel, her owners and underwriters, all other defenses and limitations."[20] Defendants further note — preemptively to an argument by Plaintiffs that they do not intend to honor the LOU terms because they have not filed a corporate surety bond — that the parties are in contact regarding said surety bond, which was requested by Plaintiffs on May 7, 2007.

The Court finds the Defendants reserved their right to plead all affirmative defenses, including improper venue, in their answer and in the LOU. Further, since the basis for dismissal is Rule 12(b)(3), improper venue, and not Rule 12(b)(1), lack of subject matter jurisdiction, the Court need not rule on whether the Defendants submitted to jurisdiction through their Letter of Undertaking.

Plaintiffs next allege enforcement of the forum selection clause would cause a grave inconvenience and unfairness, effectively depriving Plaintiffs of a remedy.

Defendants argue that the Plaintiffs cannot meet their burden of proving that enforcing the forum selection clause would be unreasonable under the circumstances. In addition, Defendants argue Plaintiffs will not be deprived of their day in court because they have already filed suit in the High Court of Justice in London. The Court agrees.

"Fraud and overreaching must be specific to a forum selection clause in order to invalidate it… [a] forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion."[21] Plaintiffs do not

---

[20] Rec. Doc. 38, citing to Exhibit A, the LOU, which the Court notes is not attached to the memorandum.
[21] *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998), citing *Scherk*, 417 U.S. at 519 n. 14, 94 S.Ct. at 2457 n. 14, emphasis in the original.

allege the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching.

The Court finds there is no evidence of fraud or overreaching in the incorporation of the forum selection clause into the agreement.

Plaintiffs argue that enforcing the agreement means they will, for all practical purposes, be deprived of their day in court because of the grave inconvenience or unfairness of the selected forum. Plaintiffs essentially argue that dismissal will create a *forum non conveniens*, as the witnesses are primarily in Louisiana, discovery has begun, and litigation in England will be so inconvenient and expensive that Plaintiffs' claims will effectively be extinguished. However, the Court notes that this case does not involve a local dispute between American companies, and the parties are sophisticated foreign companies in the business of the transportation of goods in international commerce. The Plaintiffs have filed suit in the High Court of Justice in London. Presumably any discovery already undertaken will be applicable in the English case, since the parties and claims are the same. Finally, "[i]ncreased cost and inconvenience are insufficient reasons to invalidate foreign forum-selection or arbitration clauses."[22]

The Court finds the Plaintiffs have not met their burden to establish that they will be deprived of their day in court.

Plaintiffs argue they will be deprived of a remedy, but they do not cite any fundamental unfairness of English law to substantiate this allegation. Although Plaintiffs allege no guarantee exists that the English High Court will correctly interpret the

---

[22] *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 37, (5th Cir. 1997), citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995).

appropriate law (the Court notes that the English Court will be applying English Law), they offer only speculation, which is insufficient to carry their heavy burden.

> COGSA… is the "culmination of a multilateral effort" to establish such rules, an international scheme the very nature of which would be frustrated by permitting parties to opt out of it… Because the enforceability doctrine of *The Bremen* and *Scherk* is grounded in the special needs of parties contracting in international commerce, it would make little sense to apply it against a statute specifically designed to foster uniformity in international shipping agreements.[23]

Further, "England… [is] a forum that American courts repeatedly have recognized to be fair and impartial."[24] Plaintiffs, sophisticated businesses contracting in international commerce, do not carry their burden to establish any fundamental unfairness or the possibility of English Law being inappropriate for the purposes of a fair resolution to this case.

Plaintiffs argue that Ambraco did not negotiate the terms of the bill of lading, and so as a non-party it cannot be held to its terms. The Court disagrees. "Although a bill of lading is a contract between a shipper and carrier, there is ample precedent for binding a consignee to the bill of lading contract."[25] "A [f]orum-selection provision is not uncommon in bills of lading, and thus should have been anticipated by… a sophisticated international shipper/consignee well-versed in this type of transaction."[26] All the parties

---

[23] *Haynsworth v. The Corporation*, 121 F.3d 956, 968-69 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998), quoting *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540-42, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) and *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 640, 105 S.Ct. 3346, 3361, 87 L.Ed.2d 444 (1985), citations omitted.
[24] *Haynsworth v. The Corporation*, 121 F.3d 956, 967 (5th Cir. 1997), cert. denied, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998). The Court notes Haynsworth was a securities fraud case. But see also *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 12-23, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), where England was held as a proper forum in a maritime case; and *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33 (5th Cir. 1997), dismissing a COGSA-governed claim in favor of a forum in England.
[25] Taisheng Intern. Ltd. V. Eagle Maritime Services, Inc., 2006 WL 846380, (S.D. Texas, March 30, 2006), citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995); *Kanematsu USA, Inc., v. M/V Ocean Sunrise*, 2003 WL 21241790 (E.D.La.) 2003 A.M.C. 2200, not reported in F.Supp.2d.
[26] *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 36, (5th Cir. 1997).

in this case are sophisticated international businesses, and cannot avoid enforcement of a common forum selection clause when there is ample precedent to the contrary.

Plaintiffs finally argue that enforcement of the forum selection clause would contravene strong public policy, claiming that a forum selection clause is null and void if it relieves the carrier of liability or lessens its liability as established by COGSA.[27] Plaintiffs cite Judge Fallon's decision in *Kanematsu*,[28] where a motion to dismiss was denied, to support their argument. However, in *Kanematsu*, the court cautioned that a plaintiff must meet "his burden to show that the application of the foreign law will deprive him of rights and protections afforded to him under the law of the United States COGSA."[29] The court examined affidavits from the attorneys representing both sides and determined that the Japanese forum would not apply the minimum protections afforded by law, since under Japanese law the plaintiff's claims under the bill of lading would lie solely against a party previously dismissed from the suit.[30] *Kanematsu* can be distinguished from the facts of this case, where Plaintiffs have made no such allegations of differences in English and United States law that would deprive them of a remedy or that would relieve or lessen the liability of the Defendants if the motion to dismiss is granted. Plaintiffs cite no specific differences in the law that would prejudice them and provide no affidavits to support their allegation. Further, as discussed above, there

---

[27] 46 U.S.C. § 1303(8), since replaced by 46 U.S.C.A. § 30701, effective October 6, 2006: "Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this chapter [this note], shall be null and void and of no effect. A benefit of insurance in favor of the carrier, or similar clause, shall be deemed to be a clause relieving the carrier from liability." 46 U.S.C.A. § 30701.
[28] *Kanematsu USA, Inc., v. M/V Ocean Sunrise*, 2003 WL 21241790 (E.D.La.) 2003 A.M.C. 2200, not reported in F.Supp.2d.
[29] *Id*. at 3.
[30] *Id*.

is ample U.S. Supreme Court precedent accepting England as a proper forum in cases where forum selection clauses were litigated in United States courts.

The Court finds that Plaintiffs have not carried their burden to demonstrate that enforcement of the forum selection clause would contravene any strong public policy.

### IV. Conclusion

Having considered the complaint, the motion and memoranda, and applicable law, the Court finds the forum selection clause is valid and enforceable. Accordingly, **IT IS ORDERED** that the Motion to Dismiss for Improper Venue is **GRANTED**.

New Orleans, Louisiana this 24rd day of May, 2007.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE