UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMBRACO, INC. and GREAT AMERICAN INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-9966 |
| M/V CLIPPER FAITH, her engines, tackle, apparel, furniture, etc., *in rem*, and BOSSCLIP B.V., DOCKENDALE SHIPPING CO., LTD. and FAITH SHIPPING COMPANY, LTD., *in personam*, | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on a motion to dismiss the Third Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(3) filed by the defendants, Bossclip B.V., Dockendale Shipping Co. Ltd., and Faith Shipping Co. Ltd. ("Original Defendants") (Rec. Doc. 78). Pacorini Holding, LLC ("Pacorini") opposes the motion; additionally, Ambraco, Inc. and Great American Insurance Co. ("Plaintiffs") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **GRANTED** (Rec. Doc. 78).

**I. BACKGROUND**

This Court has already described the background circumstances leading to the controversy between the parties in the order granting the Original Defendants' motion to dismiss Plaintiffs' complaint on identical grounds (Rec. Doc. 42). In brief, Plaintiffs filed suit against the Original Defendants on November 14, 2006 following damage to several thousand bales of twine that the Original Defendants had transported on behalf of Plaintiffs. Plaintiffs amended their complaint on March 8, 2007 naming Pacorini as an additional defendant (Rec. Doc. 16). Plaintiffs alleged liability against Pacorini for negligently discharging its duties as stevedore of the damaged cargo. On May 25, 2007, this Court held that the forum selection clause in the bill of lading was binding between the Plaintiffs and the Original Defendants, and thus, granted the Original Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(3) (Rec. Doc. 42). Then, on July 18, 2007, defendant Pacorini filed an answer to the amended complaint in which it asserted a "third-party complaint" against the Original Defendants (Rec. Doc. 62). Pacorini's third-party complaint sought indemnity or contribution from the Original Defendants to the extent that Pacorini was liable to Plaintiffs. Additionally, Pacorini asked that the Original Defendants "be held liable directly to Plaintiffs herein for their respective degree of fault, all as provided by Fed.R.Civ.P. 14(c)." (Rec. Doc. 62, p. 11 ¶ 3).

## II. ARGUMENTS OF THE PARTIES

The Original Defendants argue that Pacorini's third-party complaint is improper because this Court has already determined that the Eastern District of Louisiana is an improper venue to resolve Plaintiffs' dispute with the Original Defendants, and thus, Rule 14(c) cannot be used as a "back-door" to tender Original Defendants to Plaintiffs. Additionally, the Original Defendants maintain that Pacorini's indemnity claim is premature because Pacorini is not yet liable to Plaintiffs.

In opposition, Pacorini argues that in admiralty cases Rule 14(c) expressly provides that a third-party plaintiff may implead a third-party defendant who **may** be liable to the third-party plaintiff for contribution or indemnity. Similarly, Plaintiffs argue that dismissal of the third-party complaint is improper. Indeed, Plaintiffs argue that the Court should not dismiss the Rule 14(c) tender of the Original Defendants to Plaintiffs. To support their position, Plaintiffs assert that the Supreme Court has interpreted the Carriage of Goods by Sea Act ("COGSA") to prevent dismissals based on forum selection clauses in bills of lading when such clauses are against public policy. Plaintiffs aver that the instant case is a prime example of an unenforceable forum selection clause because the provision operates as a prospective waiver of Plaintiffs' rights under COGSA, and thus, is against public policy. In the alternative, Plaintiffs argue that the Original Defendants should be required to stipulate that they are

"carriers" subject to the English High Court's jurisdiction.

## III. STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La. 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

## IV. ANALYSIS

**1. Rule 14(c) Tender of Original Defendants to Plaintiffs**

The Federal Rules of Civil Procedure make the following third-party practice applicable to maritime suits:

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(a)(1), as a third-party plaintiff, may bring in a **third-party defendant** who may be wholly or partly liable, either to the

>plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the **third-party defendant** in favor of the plaintiff, in which event the **third-party defendant** shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the **third-party defendant** as well as the third-party plaintiff. Fed.R.Civ.P. 14(c) (emphasis added).

The purpose of Rule 14(c) is to insert into federal practice the process of impleader, "by which a defendant can bring in as a **third-party defendant** one claimed by the defendant to be liable to him for all or part of the plaintiff's claim." *Marubeni-Iida (America), Inc., v. Toko Kaiun Kabushiki Kaisha and the SS Egle v. Texports Stevedore*, 327 F.Supp. 519 (D.C. Tex. 1971) (emphasis added). The procedure attempts to dispose of the entire subject matter arising from one set of facts in one action for the expeditious and economical administration of justice. *Id*. Indeed, "Rule 14(c) was designed to expedite and consolidate admiralty actions by permitting a third-party plaintiff to demand judgment against a **third-party defendant** in favor of the plaintiff. *Texaco Exploration and Production Co. v. Amclyde Engineered Products Company, Inc.*, 243 F.3d 906 (5th Cir. 2001) (emphasis added). As a consequence, the plaintiff is then required to assert his claims directly against the **third-party defendant**. *Id.* (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1465 (2d ed. 1990) (emphasis added)).

To determine whether Pacorini can properly tender the Original Defendants under Rule 14(c), the Court turns to Black's Law Dictionary. First, "third party" is defined as: "[a] person who is not a party to a lawsuit, agreement, or other transaction but who is usu. somehow implicated in it; someone other than the principal parties. -- Also termed outside party; third person." BLACK'S LAW DICTIONARY 1518 (8th ed. 2004). Additionally, Black's contains an entry for "third party defendant," which is defined as "[a] party brought into a lawsuit by the original defendant." *Id.*

In this case, the Court notes that the Original Defendants were brought into the lawsuit by Plaintiffs in the initial complaint; and Pacorini was brought into the lawsuit by Plaintiffs in the amended complaint. Therefore, Pacorini's third-party complaint asserts a claim against the same parties that were already involved in the suit, i.e. the Original Defendants. Again, Rule 14(c) states that "the defendant or person who asserts a right under Supplemental Rule C(6)(a)(1), as a third-party plaintiff, may bring in a **third-party defendant** who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff . . . ." Fed.R.Civ.P. 14(c) (emphasis added). Clearly, the Original Defendants were not brought into the lawsuit by Pacorini because they were already involved in the lawsuit. Thus, the Original Defendants do not meet the definition of "third-party defendants."

The Court reminds the parties that in federal civil practice, one defendant's claim

6

against another defendant is a "cross-claim." Fed.R.Civ.P. 13(g). Consequently, Pacorini cannot tender the Original Defendants to Plaintiffs under Rule 14(c). Simply, Rule 14(c) is inapplicable to the present case. Therefore, Pacorini cannot prove a plausible set of facts in support of his claim under Rule 14(c). *See Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Accordingly, the Original Defendants motion to dismiss the third-party complaint is **GRANTED** with respect to the Rule 14(c) tender of the Original Defendants to Plaintiffs.

### 2. Pacorini's Claims Against the Original Defendants

The Original Defendants argue that Pacorini's claim for contribution or indemnity has no legal basis, and that the claim is premature because no determination of liability has been made in the underlying dispute. In its filings with the Court, Pacorini argues that it has "independent, direct, and ripe claims for contribution and indemnity against the Third-party Defendants under Rule 14(c)." (Rec. Doc. 82, Memorandum in Opposition to the Motion to Dismiss the Third Party Complaint, p. 3). As the Court has already demonstrated, Rule 14(c) does not apply to this case. Therefore, Pacorini cannot assert claims against the Original Defendants for indemnity and/or contribution under Rule 14(c).

Yet, Federal Rule of Civil Procedure 13(g) allows that a "cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-

claimant for all or part of claim asserted in the action against the cross-claimant." Fed.R.Civ.P. 13(g). Furthermore, "[u]nder Fed.R.Civ.P. 13(g), cross claims are permissive rather than compulsory and a party to an action has the option to pursue it in an independent action." *Dunn v. Sears, Roebuck, & Co.*, 645 F.2d 511, 512 n. 1 (5th Cir. 1981). Indeed, "a party who decides not to bring a his claim under Fed.R.Civ.P. 13(g) will not be barred by *res judicata*, waiver, or estoppel from asserting it in a later action." *Id.* Here, Pacorini cannot prove a plausible set of facts in support of his claim under Rule 14(c), and thus, dismissal of the complaint is proper. *See Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Consequently, the Original Defendants motion to dismiss the third-party complaint is **GRANTED** with respect to the Rule 14(c) claims for indemnity and/or contribution.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Original Defendants' motion to dismiss the Third Party Complaint is **GRANTED** (Rec. Doc. 78).

New Orleans, Louisiana this 5th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

8